FILED

APR 0 8 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
v.                                  )     **4:26-cr-00163-SEP/JSD**
                                    )
DILLON SWEARINGIN, and              )
TYLER COPIANO,                      )
                                    )
            Defendants.             )

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

On or about December 15, 2024, in the City of St. Louis, within the Eastern District of Missouri,

**DILLON SWEARINGIN, and
TYLER COPIANO,**

the Defendants, aiding and abetting each other, did knowingly and intentionally possess with the intent to distribute fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT TWO

The Grand Jury further charges that:

On or about December 15, 2024, in the City of St. Louis, within the Eastern District of Missouri,

**DILLON SWEARINGIN**

the Defendant, knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 922(g) as set forth above, the Defendant shall forfeit to the United States of America any firearm or ammunition involved in or used in said violation.

2.      If any of the property described above, as a result of any act or omission of the Defendant:

     a.      cannot be located upon the exercise of due diligence;

     b.      has been transferred or sold to, or deposited with, a third party;

     c.      has been placed beyond the jurisdiction of the court;

     d.      has been substantially diminished in value; or

     e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____

FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____

NINO PRZULJ, #68334(MO)
Assistant United States Attorney